UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL S. KORN, JERRY L. KORN, and FOR THE BIRDS, INC.,<br><br>　　　　　　　Defendants. | Case No. 1:09-CV-537-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Administrator of the Animal and Plant Health Inspection Service ("APHIS")

brought an administrative action against Defendants Michael and Jerry Korn and their

corporation, For the Birds, Inc., on or about January 11, 2006, for alleged violations of

the Animal Welfare Act in connection with Defendants' exotic animal exhibition

activities. A judgment was entered for a civil penalty of $57,750 against each defendant

in the administrative action. The United States filed this matter against Defendants

seeking to enforce that judgment. Defendants have refused to pay, claiming that their due

process rights were violated in the underlying administrative proceeding, and arguing the judgment is therefore void and unenforceable.

Before the Court are the cross-motions for summary judgment filed by the parties on May 21, 2010 (Dkt. 30), and June 16, 2010 (Dkt. 36). The matters are fully briefed and ripe for the Court's review. The Court has reviewed the parties' briefing and the record, determined that oral argument will not significantly aid in this decision, and for the reasons discussed below, will deny Defendants' motion and grant Plaintiff's motion.

## FACTS

The following facts, unless otherwise noted, are undisputed.

On or about January 11, 2006, APHIS filed an administrative complaint against Defendants for violations of the Animal Welfare Act. Colleen A. Carroll represented APHIS in the administrative proceedings. On January 12, 2006, the USDA's Office of the Hearing Clerk sent copies of the administrative complaint to Defendants. The hearing clerk's letter advised Defendants that they must notify the hearing clerk of any address changes, and that failure to do so may result in judgment being entered against them without their knowledge. (Decl. of Carroll ¶ 4, Dkt. 42-1.)

On October 1, 2006, For the Birds, Inc. filed an answer in the administrative proceeding. (Decl. of Howe Ex. K, Dkt. 30-5; Decl. of Carroll ¶ 5, Dkt. 42-1.) The answer identified 6999 Little Willow Road, Payette, Idaho 83661 as the mailing address for For the Birds and Michael Korn. On October 1, 2007, the hearing clerk acknowledged receipt of For the Birds's answer, which was filed and prepared by Mr. Raymond Willis,

and notified Mr. Willis that service of any notices or other papers would be sent to Mr.

Willis at the Little Willow Road address. (Decl. of Howe Ex. K, Dkt. 30-5; Decl. of

Carroll ¶ 3, Dkt. 42-1.) Defendants Michael and Jerry Korn filed an answer through their

attorney, Mr. John Bujak, on October 1, 2007, without specifically identifying their

correct address. (Decl. of Carroll ¶ 5, Dkt. 42-1; Aff. of Coddington ¶ 6, Ex. D, Dkt. 40.)

On April 1, 2008, Mr. Bujak, who was then counsel for the Korns and For the

Birds, filed a notice of withdrawal. (Decl. of Howe Ex. C, Dkt. 30-5; Decl. of Carroll ¶ 6,

Dkt. 42-1.) The notice of withdrawal gave the last known contact information for each of

the defendants, identifying Michael Korn's address as 16386 Franklin Rd., Apt. C-11,

Nampa, Idaho 83687, and both For the Birds and Jerry Korn's address as 6999 Little

Willow Road, Payette, Idaho 83661.

On April 2, 2008, Administrative Law Judge Jill S. Clifton prepared and served an

Acknowledgment of Withdrawal by Respondents' Counsel allowing for counsel's

withdrawal. (Decl. of Howe Ex. G, Dkt. 30-5; Decl. of Carroll ¶ 3, Dkt. 42-1.) The

Acknowledgment indicated that For the Birds would now be represented by Mr. Willis,

and Jerry and Michael Korn would be representing themselves pro se. Further, the

Acknowledgment reminded the parties that a hearing was scheduled to begin on April 29,

2008, in Boise, Idaho, and that March 26, 2008, was the deadline for disclosure of

witnesses and exhibits. The Acknowledgment instructed the respondents to communicate

with Counsel for APHIS Colleen Carroll at the following address:

United States Department of Agriculture

       Office of the General Counsel, Marketing Division
       Attn.: Colleen A. Carroll, Esq.
       South Building, Room 2343, Stop 1417
       1400 Independence Avenue, S.W.
       Washington, D.C. 20250-1417

Ms. Carroll's e-mail address and phone number were also included, noted as

"ColleenA.Carroll@usda.gov" with a phone number of "202.720.6430." The

Acknowledgment correctly identified Ms. Carroll's office address, fax number, and

telephone number, but incorrectly identified Ms. Carroll's e-mail address. (Decl. of

Carroll ¶ 22, Dkt. 42-1.)

      In addition to Ms. Carroll's contact information, the Acknowledgment included

phone and e-mail contact information for Administrative Law Judge Clifton, and the

address of the hearing clerk's office in Washington, D.C. That contact information was as

follows:

       Hearing Clerk's Office
       U.S. Dept. of Agriculture
       1400 Independence Ave. SW
       Room 1031, South Building
       Washington, DC 20250-9203

(Decl. of Howe Ex. J, Dkt. 30-5; Decl. of Carroll ¶ 3, Dkt. 42-1.)

      Mr. Willis alleges that he telephoned Ms. Carroll on April 8, 2008, and again on

April 10, 2008, to request a continuance of the hearing scheduled for April 29, 2008. (Aff.

of Willis ¶ 6–8, Dkt. 39.) In addition, Mr. Willis alleges that he emailed Ms. Carroll at

"colleenA.carroll@usda.gov" requesting a continuance, and that the e-mail appeared to

have been sent. (Aff. of Willis ¶ 9, Ex. D, Dkt. 39.) Ms. Carroll has confirmed that she

**ORDER - 4**

did not receive the e-mail but that she spoke to Mr. Willis, and does not recall him specifically requesting a continuance. (Decl. of Carroll ¶ 8–15 Dkt. 42-2.)

Finally, Mr. Willis attests that he wrote a letter to Ms. Carroll confirming his understanding that Ms. Carroll did not oppose a continuance, and enclosed three copies of a request for a continuance directed to ALJ Clifton's attention. (Aff. of Willis ¶ 10 , Dkt. 39.) The request for continuance was sent via Fed-Ex on April 23, 2008, to ALJ Clifton at the following address:

> U.S. Dept. of Agriculture
> South Building
> Room 2343, Stop 1417
> 1400 Independence Ave. SW
> Washington, DC 20250

(Aff. of Willis ¶ 10, Ex. E, Dkt. 39.) This address is not the same as the address for the Office of the Hearing Clerk noted on the Acknowledgment prepared and sent by ALJ Clifton, as it has a different room number. But, the address is the same address given for Ms. Carroll on the Acknowledgment. Nevertheless, the Fed Ex envelope was returned to Mr. Willis's assistant in Kentucky on April 29, 2008. (Aff. of Willis ¶ 11 Dkt. 39.)

The hearing was conducted as scheduled on April 29, 2010. ALJ Clifton prepared and issued a Decision and Order on April 29, 2008. (Decl. of Howe Ex. A, Dkt. 30-3; Decl. of Carroll ¶ 3, Dkt. 42-1.) Included with a copy of the Decision and Order was a notice that it would become final within thirty-five days after service if no appeal was filed. (Decl. of Howe Ex. L, Dkt. 30-5; Decl. of Carroll ¶ 3, Dkt. 42-1.) The Decision and Order was mailed via certified mail on April 29, 2008, to Jerry Korn and For the Birds,

Inc. to 6999 Little Willow Road, Payette, ID 83661, and to Michael Korn at 16386

Franklin Rd. Apt. C-11, Nampa, ID 83687. (Decl. of Howe Ex. E, L, Dkt. 30-5; Decl. of

Carroll ¶ 3, Dkt. 42-1.) The certified mailing to Michael Korn was received at the

Franklin Road address on May 3, 3008. (Decl. of Carroll Ex. D at 2, Dkt. 42-2.) The two

certified mailings to For the Birds and Jerry Korn were returned, with the envelope to For

the Birds marked as "return to sender," and the envelope to Jerry Korn marked as

"unclaimed." (Decl. of Carroll Ex. D at 2–7, Dkt. 42-2.)

When the certified mail was returned, Acting Hearing Clerk Whitfield issued a

Notice of Unsuccessful Service on May 30, 2008. (Decl. of Howe Ex. F, Dkt. 30-3; Decl.

of Carroll ¶3.) The Notice indicated that the mail was returned, and instructed counsel to

effect service "by other means authorized by the rules." (*Id.*)

On June 20, 2008, ALJ Clifton issued a ruling regarding service, indicating that the

unclaimed notification triggered "remailing by ordinary mail" to the last known address

of record. (Decl. of Howe Ex. D, Dkt. 30-3; Decl. of Carroll ¶ 3 Dkt. 42-1.) The ALJ's

decision and letter regarding appeal rights was remailed to For the Birds and Jerry Korn

at the Payette Road address by regular mail on June 3, 2008, and June 20, 2008,

respectively. (Decl. of Carroll Ex. D at 8–9, Dkt. 42-2.) The document distribution forms

kept in the administrative file did not indicate that the remailing to Messrs. Willis and

Korn was returned to the Office of the Hearing Clerk. (*Id.*)

No appeal was ever received, and a Notice of Effective Date of the decision was

prepared and mailed on November 26, 2008. (Decl. of Howe Ex. B, Dkt. 30-3; Decl. of

Carroll ¶ 3, Dkt. 42-1.) The defendants were notified that the ALJ's decision became final and effective on July 25, 2008.

In the Answer filed in this matter, For the Birds indicated its mailing address was 6999 Little Willow Road, Payette, Idaho 83661. (Dkt. 9.) The address of For the Birds in this matter is the same address it provided in the administrative hearing before ALJ Clifton.

## DISPOSITION

### 1. Objection to Howe Declaration

In support of its motion for summary judgment, the United States submitted the Declaration of Assistant United States Attorney Amy Howe, (Dkt. 30-2), which attached what were represented as true and correct copies of pleadings from the underlying agency file in the administrative proceeding against Defendants. Defendants filed an objection to the declaration, (Dkt. 31), arguing that Ms. Howe lacked personal knowledge, and that the documents, specifically Exhibits A, B, D, J, and L, from the agency file were inadmissible based upon her testimony.

In response, the United States submitted the Declaration of Colleen A. Carroll, the trial attorney who represented APHIS in the administrative enforcement proceedings against Defendants. Ms. Carroll represented she had firsthand knowledge of the facts, and that the documents attached to the Declaration of Howe, specifically Exhibits A, B, C, D, F, G, I, J, K, and L, were from her own personal files. Defendant did not object to the Carroll Declaration.

**ORDER - 7**

Fed. R. Civ. P. 56(e)(1)[1] requires supporting or opposing affidavits to be made on personal knowledge, to set out facts that would be admissible in evidence, and to show that the affiant is competent to testify on the matters stated. Any deficiencies in Ms. Howe's declaration based upon Defendants' objection that she lacked personal knowledge are overcome by the Carroll Declaration, as Ms. Carroll had personal knowledge of the underlying proceedings by virtue of her role as the attorney for APHIS and her participation in the administrative proceedings. *See* Fed. R. Evid. 602.

With respect to the documents attached to the Howe Declaration, Ms. Howe's and Ms. Carroll's testimony satisfy the evidentiary requirement for admissibility of public records or reports. Fed. R. Evid. 901(b)(7). Rule 901(a) permits evidence to be authenticated by evidence sufficient to support a finding that the matter in question is what its proponent claims. When the evidence at issue consists of public records, evidence that a writing "authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record . . . in any form, is from the public office where items of this nature are kept," is sufficient to authenticate the document.

In the instant case, Ms. Carroll testified that Exhibits A, B, C, D, E, F, G, H, I, J, K, and L were contained in her official legal files as part of the administrative action against Defendants. As the attorney participating in the administrative proceedings, Ms. Carroll would have received these documents from or filed them with the identified

---

[1] The Rules of Civil Procedure were amended effective December 1, 2010. Because the motions were filed prior to the effective date of the change, the Court relies upon the text of the Rules applicable prior to December 1, 2010.

agency as part of the public record kept by the agency. In addition, Ms. Howe testified that the attached exhibits A through L were copies of pleadings obtained from the Agency File, AWA Dkt. No. 06-005. All twelve exhibits bear identification of or the caption for *In re For the Birds, Inc., et. al.*, AWA Dkt. No. 06-005, in and for the United States Department of Agriculture, before the Secretary of Agriculture.

Based upon the above testimony, the exhibits are admissible and Defendants' objection is overruled.

## 2. Motion for Summary Judgment

### A. *Summary Judgment Standards*

Motions for summary judgment are governed by Fed. R. Civ. P. 56(c)(2), which provides, in pertinent part, that judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A moving party may show that no genuine issue of material fact exists by demonstrating that "there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party meets the requirement of Rule 56 by either showing that no genuine issue of material fact remains or that there is an absence of evidence to support the non-moving party's case, the burden shifts to the party resisting the motion who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). It is not enough for the [nonmoving] party to "rest

on mere allegations or denials of his pleadings." *Id*. Genuine factual issues must exist that

"can be resolved only by a finder of fact because they may reasonably be resolved in

favor of either party." *Id*. at 250.

In determining whether a genuine issue of material fact exists, facts and inferences

must be viewed most favorably to the non-moving party. To deny the motion, the court

need only conclude that a result other than that proposed by the moving party is possible

under the facts and applicable law. *Aronsen v. Crown Zellerbach*, 662 F.2d 584, 591 (9th

Cir. 1981). The Ninth Circuit has emphasized that summary judgment may not be avoided

merely because there is some purported factual dispute, but only when there is a "genuine

issue of material fact." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 500 (9th Cir. 1992).

The Ninth Circuit has found that, to resist a motion for summary judgment, the

non-moving party:

> (1) must make a showing sufficient to establish a genuine
> issue of fact with respect to any element for which it bears the
> burden of proof; (2) must show that there is an issue that may
> reasonably be resolved in favor of either party; and (3) must
> come forward with more persuasive evidence than would
> otherwise be necessary when the factual context makes the
> nonmoving party's claim implausible.

*British Motor Car Distrib. Ltd. v. San Francisco Automotive Indus. Welfare Fund*, 882

F.2d 371,374 (9th Cir. 1989). When the parties file cross-motions for summary judgment,

the Court has a responsibility to evaluate the evidence submitted in support of each

motion, and determine whether disputed issues of material fact are present. *Fair Housing

Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).

ORDER - 10

**B.** *Due Process Was Afforded to Defendants*

The first ground upon which Defendants attack the enforcement proceedings in this matter is their claim that they were denied due process in the underlying administrative proceeding, rendering ALJ Clifton's decision and order unenforceable. Defendants allege they requested a continuance, were deprived of doing so because the address they sent the request to was incorrect, and therefore they had good cause for failing to appear at the April 29, 2008 hearing. Further, Defendants argue that service of the final decision and order by certified mail, which was returned, and later by regular mail, was insufficient to afford them due process. Defendants claim they were entitled to personal service of the decision and order.

The Due Process Clause of the Fifth Amendment forbids the federal government from depriving persons of "life, liberty, or property, without due process of law." *Clouser v. Espy*, 42 F.3d 1522, 1540 (9th Cir. 1994). Under the Administrative Procedure Act, parties subject to adjudications before an agency are entitled to a hearing and decision on notice. 5 U.S.C. § 554(a), (c). The Secretary of the Department of Agriculture is given the power to administer and enforce the Animal Welfare Act, and upon notice and an opportunity for hearing, may assess civil penalties for a violation of the Act. 7 U.S.C. §§ 2146, 2149(b). To pass constitutional muster, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Rules governing administrative enforcement proceedings before the Secretary of Agriculture are found at Title 7 of the Code of Federal Regulations. 7 C.F.R. § 1.147(c) indicates that service of any complaint, document, or proposed or final decision

> if specifically ordered by the Judge to be served by certified or registered mail, shall be deemed to be received by any party to a proceeding, . . . on the date of delivery by certified or registered mail to the last known principal place of business of such party, last known principal place of business of the attorney or representative of record of such party, or last known residence of such party if an individual, *provided that*, if any such document or paper is sent by certified or registered mail but is returned marked by the postal service as unclaimed or refused, it shall be deemed to be received by such party on the date of remailing by ordinary mail to the same address.

A written decision must be served as provided in §1.147. 7 C.F.R. 1.42(c)(3). Proof of such service may be shown by a certified mail receipt returned by the postal service with a signature, or an entry on a docket record or a copy placed in a docket file by the Hearing Clerk of the department. 7 C.F.R. 1.147(e)(1), (3).

In the instant case, the Court finds the material facts to be undisputed that Defendants received all the process they were due. For the Birds filed an answer on October 1, 2006, identifying 6999 Little Willow Road in Payette as its mailing address. The Little Willow Road address is the same address it identified in this matter. The Defendants' attorney subsequently filed an answer on behalf of all three Defendants on October 1, 2007. In the answer, there was no contention that Defendants had not received any previous mailing. On April 1, 2008, Defendants' attorney provided the last known

**ORDER - 12**

address for all three Defendants in his notice of withdrawal. On April 2, 2008, the

Hearing Officer notified all three Defendants of the upcoming April 29, 2008 hearing at

the mailing addresses provided by their attorney.

It is unfortunate that Mr. Willis's communications on behalf of all three

Defendants, both via e-mail and by overnight mail on April 23, 2008, requesting a

continuance of the hearing did not reach either Ms. Carroll or the Hearing Officer, and

that he was given the wrong e-mail address for Ms. Carroll. But, there is no contention by

any Defendant that they were not notified or aware of the April 29, 2008 hearing date.

Had they been unaware of the hearing date, there would have been no reason to have sent

a request for a continuance on April 23, 2008.

While it is troubling that Defendants received incorrect information about Ms.

Carroll's e-mail address, and possibly did not understand how to properly file documents

in the administrative proceeding, Defendants chose not to appear at the hearing.

Defendants' choice was made in the absence of confirmation from either Ms. Carroll or

ALJ Clifton responding to Mr. Willis's e-mail or the overnight mailing that the hearing

had been postponed. Yet Defendants had, at their disposal, an e-mail address for the ALJ,

contact information for the Office of the Hearing Clerk, telephone numbers, and facsimile

numbers. Mr. Willis appeared to be acting on Defendants' behalf and responding to all

communications. But Defendants chose not to avail themselves of any other form of

communication with either Ms. Carroll, the ALJ, or the Office of the Hearing Clerk either

prior to the hearing, the day of the hearing, or thereafter to discover what had happened,

**ORDER - 13**

or to inquire about the status of the request for continuance.

Not having received any written request for a continuance, the ALJ proceeded with the hearing, and issued a written opinion. According to the Hearing Clerk's docket records, the ALJ's decision and order, as well as the letter informing Defendants of their appeal rights, was mailed via certified mail to Defendants' addresses of record on April 29, 2008. The certified letter mailed to Michael Korn was received by someone at the Franklin Road address on May 3, 2008 according to the certified mail receipt. According to 7 C.F.R. § 1.147(e)(1), the certified mail receipt is adequate proof of service.

Meanwhile, both certified mailings addressed to For the Birds and to Jerry Korn at the Little Willow Road address were returned. The certified mail addressed to Jerry Korn was marked as "unclaimed,"[2] while the certified mail addressed to For the Birds at the same address was stamped "return to sender." The Hearing Clerk's docket records indicate the ALJ's decision and order as well as the letter with information about appeal rights were remailed via regular mail on June 3, 2008, to For the Birds at the Little Willow Road address, and remailed via regular mail to Jerry Korn on June 20, 2008. All three Defendants also received a copy of the ALJ's ruling regarding service by regular mail on June 20, 2008.

According to 7 C.F.R. § 1.147(e)(3), the Hearing Clerk's entry on the docket record of the mailing by regular mail constitutes proof of service. Despite Defendants'

---

[2] Defendants apparently dispute that the certified mail was marked as"unclaimed." (Reply at 3, Dkt. 43.) The envelope is clearly marked as "unclaimed."

contention that they were denied due process because their request for continuance went unheeded and personal service should have been effected rather than service by mail, there is no evidence that Defendants did not receive the June 3rd, or June 20th mailings sent by regular mail, and therefore no disputed issue of fact. Defendants chose not to respond.

The United States Supreme Court has "repeatedly recognized that mail service is an inexpensive and efficient mechanism that is reasonably calculated to provide actual notice." *Tulsa Professional Collection Servs., Inc. v. Pope*, 485 U.S. 478, 490 (1988). In addition, the Supreme Court has not required that, after a failed attempt at certified mail, personal service is the required alternative. Rather, in *Jones v. Flowers*, 547 U.S. 220, 237 (2006), the Supreme Court indicated that when the government learns its notice via certified mail is returned as unclaimed, it must follow up, but stopped short of requiring personal service. Instead, the Supreme Court commented that follow up could be accomplished by regular mail, such that a signature was not required; posting notice on the front door; or addressing the undelivered mail to "occupant." *Jones*, 547 U.S. at 234–235. The *Jones* court left the mechanism of such follow up to the state or agency attempting service. Here, the ALJ's decision, as well as its ruling regarding service, was remailed to all three defendants via regular mail after being either unclaimed or returned. Under *Jones*, such notice was adequate.

As for Defendants' failure to appear at the hearing, there was no effect on their subsequent right to appeal the ruling. Although a respondent who, after being duly

notified, "fails to appear at the hearing without good cause, shall be deemed to have waived the right to an oral hearing," the failure to appear does not constitute a waiver of the right to appeal a final order and to appear and request oral argument. 7 C.F.R. 1.141(e). A party who disagrees with the final decision may, within 30 days after receiving the decision, file a written appeal with the Hearing Clerk. 7 C.F.R. § 1.145(a). The decision becomes final and effective 35 days after the date of service unless an appeal is filed pursuant to § 1.145. 7 C.F.R. § 1.42(c)(4).

In this case, despite there being no factual contention, and therefore no disputed issue of material fact, that Defendants did not receive copies of ALJ Clifton's decision and order as well as the notice of their appeal rights, Defendants failed to exercise their right to appeal. Moreover, Defendants have cited no authority showing that the Department of Agriculture's administrative procedures related to service, and the associated appeal rights, do not conform with procedural due process requirements. *See Clouser v. Espy*, 42 F.3d 1522, 1541 (9th Cir. 1994) (affirming summary judgment when plaintiffs could not show that failure by Forest Service to provide evidentiary hearing deprived them of due process rights). The Court therefore finds there is no disputed issue of material fact that precludes summary judgment concerning Defendants' receipt of notice.

### C. *Jurisdiction*

Although the parties did not raise the issue of jurisdiction, it bears mention because it is doubtful the Court has jurisdiction to void ALJ Clifton's decision and order. *See* Fed.

R. Civ. P. 12(h)(3) (the court may at any time determine it lacks subject-matter jurisdiction). Defendants seek to collaterally attack the ALJ's order, and would have this Court invalidate it. However, the order of the Secretary assessing a penalty "shall be final and conclusive unless the affected person files an appeal from the Secretary's order with the appropriate United States Court of Appeals." 7 U.S.C. § 2149(b). Upon any failure by a person to pay a penalty assessed under 7 U.S.C. § 2149(b), a civil action may be commenced in any United States district court in which such person is found or resides. 7 U.S.C. § 2149(b). Any dealer aggrieved by a final order issued pursuant to 7 U.S.C. § 2149 may, "within 60 days after entry of such an order, seek review of such order in the appropriate United States Court of Appeals . . . and such court shall have exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of the Secretary's order." 7 U.S.C. § 2149(c).

In the absence of facts suggesting otherwise, there is no dispute that Defendants failed to exercise their appeal rights within the 60 day time period. The Animal Welfare Act indicates that the Court of Appeals, not this Court, has "exclusive" jurisdiction to set aside or determine the validity of the order. Accordingly, the Court lacks jurisdiction to "void" or set aside ALJ Clifton's order.

### D. *Rule 56(f) and Rule 60(b)*

Finally, Defendants in their reply have requested a continuance of these proceedings under Fed. R. Civ. P. 56(f), or relief from the ALJ's order under Fed. R. Civ. P. 60(b). Neither rule applies in this case.

**ORDER - 17**

First, with respect to Rule 56(f), a party opposing a motion for summary judgment may, if he establishes by affidavit that for specified reasons he cannot present facts essential to justify his opposition, seek a continuance to enable affidavits to be obtained or discovery to be undertaken. The rule requires "(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Sultana Resources, LLC v. Trio Gold Co.*, No. CV-06-625-BLW, 2007 WL 2993849, at *1 (D. Idaho Oct. 11, 2007) (quoting *Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004)). The party submitting the Rule 56(f) motion bears the burden of showing sufficient facts establishing that the evidence sought exists and that the evidence would prevent summary judgment. *Sultana*, 2007 WL 2993849 at *1. "Mere hope that further evidence will develop prior to trial is insufficient." *Id.*

It is generally accepted in the Ninth Circuit that, where a summary judgment motion is filed early in the litigation and a party has not had a realistic opportunity to pursue discovery relating to its theory of the case, the court should freely grant a Rule 56(f) motion. *Mangum v. Action Collection Serv., Inc.*, No. CV-05-507-BLW, 2006 WL 2224067, at *1 (D. Idaho Aug. 2, 2006). *See also Burlington Northern & Santa Fe Ry. Co. v. The Assiniboine*, 323 F.3d 767, 774 (9th Cir. 2003) (where no discovery has taken place "the party making a Rule 56(f) motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid.") Nevertheless, a district court does not

abuse its discretion by denying a Rule 56(f) motion where the proposed discovery would be futile. *Mangum*, 2006 WL 2224067 at *1.

Defendants contend that discovery is necessary to obtain phone records from Ms. Carroll, obtain hearing transcripts and tapes, examine original documents, and to verify that Jerry Korn did not appear at the hearing as represented in ALJ Clifton's Ruling Regarding Service. (*See* Reply Brief at 5, Dkt. 43, citing Decl. of Howe Ex. D.) Notwithstanding the fact that Defendants did not present an application setting forth with specificity why the requested discovery is relevant, the requested discovery would be futile. The Court has, on the basis of the record before it, concluded that the relevant facts are Defendants' failure to contact the Hearing Clerk, the ALJ, or Ms. Carroll after the April 29th hearing having not received confirmation of a continuance, or to otherwise respond to the mailings sent to their addresses of record. The Little Willow Road address provided by Mr. Willis in the underlying administrative proceeding is the same address the Court has for For the Birds in this proceeding. The certified mailing was received by someone at the address of record for Michael Korn. Defendants do not deny receiving a copy of ALJ Clifton's decision and order, or the letter setting forth their appeal rights. There is no evidence that Defendants exercised their appeal rights, or otherwise asked for reconsideration of the order. Accordingly, the order became final, and any additional discovery at this time would be futile.

Second, concerning Rule 60(b), pursuant to Fed. R. Civ. P. 1, application of Rule 60(b) is confined to the United States District Courts. Moreover, 7 C.F.R. 1.145(i)

permits the Judicial Officer to change or modify a prior decision after due consideration

of the record. And 7 C.F.R. 1.146(a) permits parties to petition to rehear or reargue the

proceedings, or to reconsider the decision. Fed. R. Civ. P. 60(b) is therefore inapplicable

because the administrative rules provide a mechanism for granting relief from an order.

*See Kirk v. U.S.I.N.S.*, 927 F.3d 1106, 1109 (9th Cir. 1991) (holding that, in the

immigration context, where an administrative rule permitted modifying or vacating an

ALJ's order, Rule 60(b) was inapplicable because the administrative rules provided a

mechanism for vacating a judgment).

## CONCLUSION

While the events that transpired from Defendants' perspective may seem unfair,

the Court cannot overlook the absence of any effort to follow up with the Hearing Clerk,

ALJ Clifton, or Ms. Carroll utilizing one of the many avenues of communication

available. Defendants' Motion for Summary Judgment will be denied, as there are no

disputed issues of material fact concerning service of the ALJ's Decision and Order, and

provision of notice of Defendants' appeal rights. Moreover, this Court lacks jurisdiction

to reconsider or otherwise vacate the Agency's final order. Pursuant to 7 U.S.C. §

2149(c), the agency's order became final when it was not appealed within 60 days of its

entry. 7 U.S.C. § 2149(b) permits institution of a civil action by the Attorney General to

collect the penalty imposed. No other facts were presented disputing the validity of the

administrative judgment imposing the civil penalty. Therefore, Plaintiff's Motion for

Summary Judgment will be granted.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1)     Plaintiff's Motion for Summary Judgment (Dkt. No. 30) is **GRANTED**.

2)     Defendant's Motion for Summary Judgment (Dkt. No. 36) is **DENIED**.

Plaintiff is directed to prepare an appropriate form of judgment for entry by the

Court.



DATED: December 6, 2010

_____
Honorable Candy W. Dale
Chief United States Magistrate Judge